IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Criminal Action No. C-06-004(2) |
| | § | |
| JOSE FLORES-FERNANDEZ | § | |

**OPINION AND ORDER DENYING MOTION TO SUPPRESS**

On this day came on to be considered Defendant's Motion to Suppress (D.E. 32). Defendant seeks to suppress all evidence seized as a result of what he contends was an unconstitutional traffic stop. For the reasons discussed below, the Court DENIES the Motion to Suppress.

**I.   Background**[1]

During the morning of December 28, 2005, at around 6:00 AM, Jim Wells Sheriff's Deputy Joe Martinez made a traffic stop on a 1996 white Chevrolet pickup truck for operating with an obstructed rear license plate – the plate was covered by a license plate frame – which Deputy Martinez believed to be in violation of Tex. Transp. Code Ann. § 502.409. The driver of the vehicle was identified as Defendant Jose Flores-Fernandez. Seven other people were in the vehicle: Maryalice Flores was seated in the front passenger seat, three people were seated in the rear seat, and three were found lying in the bed of the truck. Maryalice Flores was later determined to be a United States citizen and the only person in the vehicle who was lawfully present in the United States.

On January 11, 2006, a two-count indictment was returned, charging Defendant Jose Flores-Fernandez, Maryalice Flores and Hilario Flores-Fernandez with aiding and abetting the unlawful transportation of undocumented aliens, in violation of 8 U.S.C. § 1324.

---

[1] The material facts are undisputed.

On February 8, 2006, Defendant Jose Flores-Fernandez filed a motion with the Court seeking to suppress the evidence that forms the basis of the charges (D.E. 32). Specifically, he maintained that "under its plain terms, [Tex. Transp. Code Ann.] § 502.409 does not make license plate frames unlawful, even if they overlap the name of the state that issued the plate. Accordingly, [he argued,] the initial stop and resulting discovery of the undocumented aliens occurred in violation of the Fourth Amendment" and the evidence recovered should therefore be suppressed. (Def.'s Mot. Suppress at 2.) The Government filed a response on February 16, 2006 (D.E. 39). Defendant filed a reply on February 17, 2006 (D.E. 40).

The Court conducted a suppression hearing on February 17, 2006, during which Defendant Jose Flores-Fernandez's counsel conceded that the license plate frame in question completely covered the name of the state that issued the plate – "TEXAS" – and some of the plate's original design features, namely, the space shuttle and the starry night image. A photograph of the license plate frame covering the license plate, bearing Texas registration 7YF-F39, was entered into evidence during the hearing and marked as Exhibit 1.[2]

## II.   Discussion

For a traffic stop to be constitutional, an officer must have an objectively reasonable

---

[2] In United States v. Contreras-Trevino, Criminal Action No. C-05-072, this Court considered the issue of whether a license plate frame that partially covered "TEXAS" and obscured some original design features of the plate violated Tex. Transp. Code Ann. § 502.409(a)(6) and § 502.409(a)(7)(B). This Court in its April 22, 2005 Opinion and Order Denying Motion to Suppress ruled that such a license plate did violate the Texas Transportation Code, and therefore found that the officers had probable cause to stop the vehicle.
During the February 17, 2006 suppression hearing in the instant action, the parties informed the Court that Contreras-Trevino, also represented by the defense attorney in this action – Jose I. Gonzalez-Falla, filed an appeal, and briefs were submitted in December 2005, but the Fifth Circuit has not issued a ruling on the issue.

suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle. United States v. Lopez-Moreno, 420 F.3d 420, 430 (5th Cir. 2005); see also Whren v. United States, 517 U.S. 806, 810 (1996). "This rule provides law enforcement officers broad leeway to conduct searches and seizures regardless of whether their subjective intent corresponds to the legal justification for their actions." United States v. Lopez-Valdez, 178 F.3d 282, 288 (5th Cir. 1999). Supreme Court and Fifth Circuit precedent has made clear that an officer's subjective intentions have no impact on analyzing reasonable suspicion or probable cause because they are both considered to be based on an objective test. Lopez-Moreno, 420 F.3d at 432. Thus, "[s]o long as a traffic law infraction that would have objectively justified the stop had taken place, the fact that the police officer may have made the stop for a reason other than the occurrence of the traffic infraction is irrelevant for purposes of the Fourth Amendment . . . ." Id. (citing Goodwin v. Johnson, 132 F.3d 162, 173 (5th 1997)); see also Whren, 517 U.S. at 813 (concluding that a "pretextual" traffic stop for a minor traffic infraction was constitutional because "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action").

In United States v. Granado, 302 F.3d 421 (5th Cir. 2002), the Fifth Circuit considered the legality of a traffic stop made pursuant to an earlier version of Tex. Transp. Code Ann. § 502.409. In Granado, the vehicle at issue had a license plate frame which partially blocked the state name, but did not otherwise block the letters or numbers on the plate. See id. at 423. The court first noted that "[w]e strictly construe the Texas Transportation Code." Id. at 424 (citing United States v. Miller, 146 F.3d 274, 279 (5th Cir. 1998)). Then the court held that the license plate frame at issue did not

violate the version of § 502.409 in effect at the time, which provided in pertinent part:

> (a)   A person commits an offense if the person attaches to or displays on a motor vehicle a number plate or registration insignia that:
>
> . . . .
>
> (5)   has letters, numbers, or other identification marks that because of blurring matter are not plainly visible at all times during daylight;
>
> (6)   is a sticker, decal, or other insignia that is not authorized by law and that interferes with the readability of the letters or numbers on the plate; or
>
> (7)   has a coating, covering, or protective material that distorts angular visibility or detectability.

Tex. Transp. Code Ann. § 502.409 (Vernon Supp. 2002) (amended in 2003, 78th Leg., ch. 837).

In making its decision, the Fifth Circuit stated:

> [Defendant]'s license plate does not violate the Texas statute . . . . Visibility of identifying marks on [Defendant]'s plate is not obscured by "blurring matter". There is no "sticker, decal, or other insignia" that interferes with readability. Nor is there a "coating, covering, or protective material" disturbing angular visibility. There is only a license plate frame, and that alone does not violate Texas law, <u>under the facts of this case</u>.

<u>Granado</u>, 302 F.3d at 424 (emphasis added). The Fifth Circuit therefore held that because the traffic stop was unlawful, all evidence derived from the resulting search and seizure must be suppressed. See <u>id.</u>

After the Fifth Circuit decided <u>Granado</u>, the Texas Legislature amended § 502.409(a)(6) and § 502.409(a)(7). The statute now provides in pertinent part (the underlined passages were added by the 2003 Legislature):

> (a)   A person commits an offense if the person attaches to or displays on a motor vehicle a number plate or registration insignia that:
>
> . . . .
>
> (6)   <u>has an attached illuminated device or</u> sticker, decal, emblem, or other insignia that is not authorized by law and that interferes with the readability of the letters or numbers on the plate <u>or the name of the state in which the vehicle is registered</u>; or

      (7)    has a coating, covering, or protective material that:
           (A)    distorts angular visibility or detectability; <u>or</u>
           <u>(B)    alters or obscures the letters or numbers on the plate, the color of the plate, or another original design feature of the plate.</u>

Tex. Transp. Code Ann. § 502.409 (Vernon Supp. 2005) (emphasis added).

The Government argued in its Response to Defendant's Motion to Suppress that the license plate frame pictured in Exhibit 1 violated two amended subsections of Tex. Transp. Code Ann. § 502.409: subsection (a)(6) and subsection (a)(7)(B).

    A.    <u>Section 502.409(a)(7)(B)</u>

The Government argued that the traffic stop was constitutional because the license plate frame violated § 502.409(a)(7)(B). (Gov't Resp. at 3.) As set out above, § 502.409(a)(7)(B) makes it illegal for a license plate to have "a . . . <u>covering</u> . . . that . . . obscures the letters or numbers on the plate . . . <u>or</u> another original design feature of the plate." Tex. Transp. Code Ann. § 502.409(a)(7)(B) (emphasis added). In both his Motion to Suppress and Reply to Government's Response, Defendant did not contest that the license plate frame "obscur[ed] . . . [the] original design feature[s] of the plate;" rather, Defendant argued that because "the word 'covering' could not be plainly understood to mean a license plate frame," his license plate frame could not be in violation of § 502.409(a)(7)(B). (Def.'s Mot. Suppress at 10; <u>see also</u> Def.'s Reply at 1-2.)

The Court has located no case, nor have the parties presented a case, which addresses the issue of whether a license plate frame constitutes a "covering" within the meaning of Texas law. <u>Cf. Jenkins v. State</u>, No. 01-05-00299-CR, 2006 WL 23323, at *3 (Tex. App. Jan. 5, 2006) (not designated for publication) (Defendant's license plate was in violation of § 502.409(a)(7) because "dirt on the license plate . . . made the plate very difficult to read."); <u>Webb v. State</u>, No.

10-05-00070-CR, 2005 WL 2665476, at *1 (Oct. 19, 2005) (not designated for publication) (The stop was valid as "[t]he arresting officer stopped [Defendant's] truck because wires obscured her license plate."); Jones v. State, No. 05-01-01153-CR, 2002 WL 1613711, at *4 (Tex. App. July 23, 2002) (not designated for publication) ("Cox also testified he could not read the license plate, because it was obscured by mud, which was [a] traffic violation [under § 502.409(a)]."). In Granado, the Fifth Circuit stated, in reference to what is now § 502.409(a)(7)(A), that a license plate frame is not "a 'coating, covering, or protective material' disturbing angular visibility." Granado, 302 F.3d at 424 (emphasis added). The Court does not read this sentence to mean that a license plate frame can never fit within the definition of a "covering." Had the Fifth Circuit intended to make such a holding, it need not have included the phrase "disturbing angular visibility."

The statute clearly applies to any object, including a license plate frame, which hides the letters, numbers, color, or original design features of a license plate from view. There is no requirement that the object must conceal the entire plate in order to constitute a "covering." If the Legislature had intended this result, they would have written the statute to apply only to objects that hide the letters, numbers, color, and original design features from view. But the statute, as written, uses the word "or" and applies to objects that cover any one, but not necessarily all, of the letters, numbers, color, or original design features of the plate. See Tex. Transp. Code Ann. § 502.409(a)(7)(B). Texas courts have implicitly embraced this conclusion that one-hundred percent of the surface of the license plate need not be covered to violate the statute. See Jenkins, 2006 WL 23323, at *3 (Defendant's license plate was in violation of § 502.409(a)(7) because "dirt on the license plate . . . made the plate very difficult to read."); Webb, 2005 WL 2665476, at *1 (The stop was valid as "[t]he arresting officer stopped [Defendant's] truck because wires obscured her license

plate."); Jones, 2002 WL 1613711, at *4 ("Cox also testified he could not read the license plate, because it was obscured by mud, which was [a] traffic violation [under § 502.409(a)]."). Here, the frame covered a portion of the license plate – perhaps fifteen percent of the plate's surface – which is sufficient to make it a "covering." See Nelson v. State, 544 S.E.2d 189, 190 (Ga. App. 2001) ("[T]he statute clearly states that 'no license plate shall be covered with any material unless the material is colorless and transparent.' This prohibits the black nontransparent border around [Defendant's] tag which obscured the state name." (quoting Ga. Code Ann. § 40-2-41 (emphasis added)).

It is apparent that some "original design feature[s] of the [Texas] plate" were "obscure[d]" by the license plate frame. See Tex. Transp. Code Ann. § 502.409(a)(7)(B); cf. United States v. Lyles, 946 F.2d 78, 79 (8th Cir. 1991) ("[T]he decorative metal frame partially obscured the temporary Kansas license tag." (emphasis added)). The frame covered the space shuttle and the starry night image on the top of the plate, and these are "original design feature[s] of the [Texas] plate." See Tex. Transp. Code Ann. § 502.409(a)(7)(B). Therefore, the Court concludes that Defendant's license plate frame was "a . . . covering . . . that . . . obscure[d] . . . original design feature[s] of the plate." See Tex. Transp. Code Ann. § 502.409(a)(7)(B). Consequentially, Deputy Martinez validly stopped Defendant's pickup truck for operating with an obstructed rear license plate, in violation of § 502.409(a)(7)(B).

     **B.**     **Section 502.409(a)(6)**

Alternatively, the Government maintained that the traffic stop was constitutional because the license plate frame violated § 502.409(a)(6), which makes it illegal for a license plate to have "an attached illuminated device . . . that is not authorized by law and that interferes with the readability

of . . . the name of the state in which the vehicle is registered." Tex. Transp. Code Ann. § 502.409(a)(6); see also (Gov't Resp. at 5). In both his Motion to Suppress and Reply to Government's Response, Defendant did not contest that the license plate frame "interfere[d] with the readability of . . . the name of the state in which the vehicle is registered;" rather, Defendant argued that the license plate frame was not an "illuminated device." (See Def.'s Mot. Suppress at 7; see also Def.'s Reply at 2.) Defendant argued that an "illuminated device" means a device that emits light, therefore for the license plate frame to be an "illuminated device," the frame itself must emit light, i.e., it must contain a light bulb or lamp. (See Def.'s Mot. Suppress at 7-8.)

The Court finds Defendant's definition of the term "illuminated device" to be a narrower construction than what is warranted by a plain reading of the phrase. The definition of "illuminate" is "to supply or brighten with light." Merriam-Webster Dictionary 257 (1998) (emphasis added). Plainly, an "illuminated device" may be a device that supplies light, but it may also be a device that is "brighten[ed] with light" from an external source. See id. Indeed, when courts discuss licence plates, which do not themselves emit light, they often refer to the license plates that are brightened with an external light source as "illuminated" license plates. United States v. Cabello, No. 03-10413, 92 Fed. Appx. 983, 984 (5th Cir. Mar. 26, 2004) (not designated for publication) ("The initial traffic stop was valid because the vehicle in which [Defendant] was riding did not have a properly illuminated license plate as required by Texas law, thus giving the officer a specific, articulable basis for stopping the vehicle." (emphasis added)); Parker v. State, No. 12-04-00032-CR, 2005 WL 332044, at *2 (Tex. App. Feb. 10, 2005) (not designated for publication) (The stop was valid "because the rear license plate was not illuminated as required by statute." (emphasis added)); Nowosatka v. State, No. 2-01-514-CR, 2003 WL 151959, at *3 (Tex. App. Jan. 23, 2003) (not

designated for publication) ("an illuminated rear license plate").

Additionally, the Court finds that Tex. Transp. Code Ann. § 502.409(a)(6) is not an example of a "grievous ambiguity" which would necessitate the application of rule of lenity – the rule that requires an ambiguity in a criminal statute to be construed in Defendant's favor. See Muscarello v. United States, 524 U.S. 125, 138-39 (1998) ("The simple existence of some statutory ambiguity, however, is not sufficient to warrant application of [the rule of lenity], for most statutes are ambiguous to some degree . . . . To invoke the rule, [the Court] must conclude that there is a grievous ambiguity or uncertainty in the statute."); see also United States v. Lamm, 392 F.3d 130, 134 (5th Cir. 2004) ("[The rule of lenity] requires an ambiguity in a criminal statute be resolved in favor of the defendant when there is a 'grievous ambiguity or uncertainty' in the statute."). The Court should "reserve[ ] [use of] lenity for those situations in which a reasonable doubt persists about a statute's intended scope even after a resort to the language and structure, legislative history, and motivating policies of the statute." United States v. Curry, 404 F.3d 316, 320 (5th Cir. 2005) (citing Moskal v. United States, 498 U.S. 103, 108 (1990)). In this case, there is no need to resort to rule of lenity as the statutory language of § 502.409(a)(6) is clear that "illuminated device" may be a device that supplies light or that is brightened with light.

As required by Tex. Transp. Code Ann. § 547.322(f), "[a] taillamp or a separate lamp shall be constructed and mounted to emit a white light that: (1) illuminates the rear license plate; and (2) makes the plate clearly legible at a distance of 50 feet from the rear."[3] The Court concludes that the presence of this lamp renders the license plate frame an "illuminated device" within the meaning of

---

[3] The lack of a functioning rear license plate light violates the Texas Transportation Code and renders an officer's stop of the vehicle constitutional. E.g., State v. McCall, 929 S.W.2d 601, 604 (Tex. App. 1996).

§ 502.409(a)(6).

The next issue is whether the frame "interferes with the readability of . . . the name of the state in which the vehicle is registered." Tex. Transp. Code Ann. § 502.409(a)(6). In the absence of case law interpreting this provision, the Court looks to the plain meaning of the statutory language. See United States v. Williams, 400 F.3d 277, 282 (5th Cir. 2005) ("When interpreting statutes, we begin with the plain language used by the drafters.") "Interfere" is defined as "to affect one another." Merriam-Webster Dictionary 274 (1998). "Readable" is defined as capable of being read or being "unders[tood] . . . by interpreting written symbols." Id. 435. Thus, the statutory phrase, "interferes with . . . readability," can be read to mean: affecting the capability of being read or understood. Plainly, a device that completely covered the word "TEXAS" interfered with, or affected, the capability of the officer to read that word. Objectively, the frame made the name of the state impossible to read. Hence, the Court finds that the frame violated § 502.409(a)(6).

It is worth noting that while the Texas Legislature did not provide legislative history for § 502.409, a finding that the license plate frame in question violated the statute furthers the general purpose of license plate "obstruction statutes." United States v. DeGasso, 369 F.3d 1139, 1148 (10th Cir. 2004). The general purpose of requiring a license plate to be displayed, unobstructed, is to facilitate license plate checks by law enforcement officials, who often only have a brief opportunity to read the information from a moving vehicle. See id. That purpose is frustrated when a frame completely covers the state name, making it nearly impossible for the officer to identify the state in which the vehicle is registered.

### III.     Conclusion

Because the license plate frame on Defendant's vehicle, viewed objectively, violated both § 502.409(a)(6) and § 502.409(a)(7)(B) of the Texas Transportation Code, Deputy Martinez had probable cause to stop the vehicle.  Therefore, Defendant's Motion to Suppress is hereby DENIED.

SIGNED and ENTERED this 27th day of February, 2006.

_____
Janis Graham Jack
United States District